J-S04041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY GLOBER | : | |
| | : | |
| Appellant | : | No. 3635 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 21, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005005-2016

BEFORE: BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 11, 2020**

Randy Glober (Appellant) appeals from the judgment of sentence imposed after the trial court revoked his probation. Upon review, we affirm.

The trial summarized Appellant's underlying convictions as follows:

> [Appellant was arrested] on February 2, 2016 at 11:30 p.m. within the 4900 block of Princeton Avenue, Philadelphia, PA just after Philadelphia uniformed patrol officers responded following a radio call about a person with a gun. Upon arrival, the officers observed both Appellant and co-defendant, Kevin Ford, beating and physically striking the complainant over the head with a hard silver object. After being ordered to stop, Appellant and Ford ran inside the house located at 4928 Princeton Avenue. Ford was apprehended by the police upstairs. Appellant ran into the basement and pointed a silver revolver at two other complainants. After he threatened to shoot the complainants, Appellant ran into the back room of the basement with the firearm. He then exited the back room and hid the gun in the garage area of the basement, where he was found and apprehended by the officers. The silver operable firearm was recovered from the hidden position in the basement.

Trial Court Opinion, 7/25/19, at 2.

On November 15, 2017, Appellant pled guilty to aggravated assault, conspiracy, and firearms not to be carried without a license.[1] The same day, the trial court sentenced Appellant to 1 to 2 years of incarceration, followed by 3 years of probation.

Appellant was subsequently paroled; however, he was arrested six more times "for multiple counts of burglary and related charges." *See* N.T., 11/21/18, at 9-10. As a result, the Commonwealth alleged that Appellant violated his probation. Appellant appeared before the trial court on September 20, 2018 for a *Gagnon II*[2] hearing. At the conclusion of the hearing, the trial court found Appellant to be in violation of his supervision and revoked his probation. On November 21, 2018, the trial court resentenced Appellant to 6 to 14 years of incarceration.

Appellant filed a motion for reconsideration of sentence on December 3, 2018. While his motion was pending, Appellant, on December 18, 2018, filed a timely notice of appeal.[3] Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

_____

[1] 18 Pa.C.S.A. §§ 2702(a), 903, and 6106(a)(1).

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[3] The docket indicates that the trial court never ruled on the motion, and once Appellant filed his notice of appeal, the trial court was divested of jurisdiction to do so. *See* Pa.R.A.P. 1701; *see also Commonwealth v. Cooper*, 27 A.3d 994, 1002 (Pa. 2011) (sentencing court "unquestionably divested of jurisdiction" to decide reconsideration of sentence after defendant filed notice of appeal).

Appellant presents a single issue for review:

> Was not the lower court's sentence an abuse of discretion and manifestly excessive because the court failed to comply with the requirements of 42 Pa.C.S.A. § 9771(c); failed to adequately consider the [A]ppellant's background and individualized needs in violation of 42 Pa.C.S.A. § 9721; and it is disproportionately harsh considering the technical nature of the alleged violation?

Appellant's Brief at 3 (footnote omitted).[4]

Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

---

[4] Appellant's Rule 1925(b) statement raises three additional sufficiency claims. ***See*** Rule 1925(b) Statement, 4/1/19, at *1-2. However, because Appellant abandoned these claims in his brief, we do not address them. ***See*** Appellant's Brief at 3; ***see also Commonwealth v. Briggs***, 12 A.3d 291, 310 n.19 (Pa. 2011), ***cert. denied***, 132 S.Ct. 267 (2011) (refusing to address claim appellant raised with trial court but subsequently abandoned in brief).

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of this test by raising his sentencing claims in a timely post-sentence motion, filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise statement. ***See*** Appellant's Brief at 10-13. Therefore, we examine whether Appellant presents a substantial question.

Appellant argues that the trial court "violated express provisions of the Sentencing Code and imposed a manifestly excessive sentence that was contrary to fundamental norms that underlie the sentencing process." Appellant's Brief at 10. Specifically, Appellant avers that the court imposed an excessive sentence by failing to consider "relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of the [A]ppellant, as 42 Pa.C.S. § 9721(b) requires." ***Id.*** at 11 (citing 42 Pa.C.S.A. § 9721(b)). We have held that such a challenge presents a substantial question for our review. ***See Commonwealth v. Derry***, 150 A.3d 987, 994-95 (Pa. Super. 2016) (claim

that a VOP sentencing court failed to consider the factors under 42 Pa.C.S.A. § 9721(b) raises a substantial question).

Turning to the merits, we note:

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. 9771(c).

*Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (footnote omitted). Further:

In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Ahmad*, 961 A.2d 884, 888 (Pa. Super. 2008) (citation omitted). Upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally

at the time of the probationary sentence. ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa. Super. 2001). A re-sentence may not exceed the statutory limits of the sentence, including allowable deductions for time served. ***See id.***

Following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010). Also, "[w]hen a sentencing court has reviewed a presentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." ***Baker***, 72 A.3d at 663 (citing ***Commonwealth v. Fowler***, 893 A.2d 758, 767 (Pa. Super. 2006)).

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

*Fowler*, 893 A.2d at 767-68 (citing *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)) (citations omitted).

Here, the record reflects that the trial court did not abuse its discretion or commit an error in resentencing Appellant. Appellant admits that he violated probation. *See* Appellant's Brief at 22. At the resentencing hearing, the trial court stated it had reviewed and considered Appellant's pre-sentence investigation report. *See* N.T., 11/21/18, at 13, 17. Prior to imposing Appellant's sentence, the trial court stated:

> All right. Well, [Appellant], I did consider the underlying facts of these cases. I did consider the information, brief as it was, within your presentence investigative report and mental health assessment. Your abuse of narcotics does seem to be the root of your bad behavior. I considered the fact that you didn't do a single thing that I told you to do. And here you are again. . . . [Appellant], I thought I was quite clear with you, because the underlying cases were extremely serious in nature, and that combined with your youth and your drug use did not bode well for the future. And I was trying -- obviously, it didn't work -- to have things set up in a step down so that you would be appropriately monitored and pick up on problems before subsequent criminal activity.
>
> I do deem you at high risk for future criminal activity, sir. And the fact that you picked up so many arrests in a very short period of time, I might add, while just released from parole does not bode well for the safety of the community.

N.T., 11/21/18, at 17-19.

The trial court further explained:

> Contrary to Appellant's argument, the [c]ourt did contemplate Appellant's rehabilitative needs when determining an appropriate sentence. The record clearly reflected that the presentence investigative reports were incorporated and

referenced as relied upon before cogent reasons for the imposed sentence[] were succinctly stated. . . .

Appellant had been arrested an inordinate amount of six times for various criminal offenses while under this [c]ourt's conditioned supervision. He failed to report as directed. He absconded. He demonstrated no effort to become employed legitimately. He paid no fines. Basically, Appellant's conduct reflected zero respect for judicial supervising authority and a high degree of future criminal recidivism. He posed a significant danger to this community particularly in light of the violence he had exhibited toward the victims in the underlying cases that brought him before this [c]ourt.

After legitimately determining revocation had been due, this [c]ourt [] possessed discretion to sentence Appellant to the same amount of time originally available at the time the guilty pleas had been tendered.

Trial Court Opinion, 7/25/19, at 16-17.

Upon review, we agree. The trial court reviewed Appellant's pre-sentence investigation report, and as required by Section 9721, considered Appellant's age, his issues with drug abuse, the serious nature of his prior convictions, and his continued risk to the community, as evidenced by Appellant's arrests while on probation. **See** 42 Pa.C.S.A. § 9721(b); **_see also_** N.T., 11/21/18, at 17-19. Accordingly, the trial court properly adhered to Section 9771. **_See_** 42 Pa.C.S.A. § 9771; **_see also_** N.T., 11/21/18, at 17-19.

Judgment of sentence affirmed.

P.J. E. Bender joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/11/20